IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEFFREY VON HILL,<br><br>        Plaintiff,<br><br><br>v.<br><br><br>DAENEN MERRILL, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COURT-ORDERED SERVICE AND GRANTING MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE**<br><br><br>Case No. 2:25-cv-01101<br><br><br>Judge Tena Campbell<br>Magistrate Judge Cecilia M. Romero |

On March 10, 2026, the court ordered Plaintiff Jeffrey Von Hill to file proof of service within 14 days or show cause why this case should not be dismissed. (Order Show Cause, Mar. 10, 2026, ECF No. 7.) In response, Mr. Hill stated that he cannot afford service and believed that a United States marshal would serve the Defendants because Mr. Hill had filed a motion for leave to proceed in forma pauperis. (Pl.'s Resp., ECF No. 8.) But Mr. Hill paid the filing fee several days after filing his motion. (See ECF No. 5.) Accordingly, the court terminated Mr. Hill's motion as moot because Mr. Hill does not proceed in forma pauperis in this matter.

But even when a plaintiff is not proceeding in forma pauperis, the court "may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The decision about "whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court." York v. Fed.

1

Bureau of Prisons, No. 07-cv-1297, 2008 WL 2410416, at *2 n.1 (D. Colo. June 11, 2008) (citation omitted).

The court will construe Mr. Hill's response as a motion asking the court to order that service be made by a United States marshal.  But the court denies that request because Mr. Hill has not demonstrated that such service is necessary.  Mr. Hill has not shown that he has made any efforts to serve the summons and complaint in this matter, or that he has requested that the Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure.  While the Defendants are not required to waive service, Rule 4(d)(2) instructs the court to impose the costs of service on the Defendants if they fail, without good cause, to sign and return a proper waiver.

Mr. Hill has also requested a short extension of time to complete service, which the court grants.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.      The court construes Mr. Hill's response to the court's Order to Show Cause as a motion for court-directed service and for an extension of time to complete service.  (ECF No. 8.)

2.      That motion is DENIED IN PART and GRANTED IN PART.

3.      The court DENIES Mr. Hill's request that the court order service to be made by a United States marshal.  Mr. Hill remains responsible for serving the Defendants or obtaining a waiver of service.[1]

4.      The court GRANTS Mr. Hill's request for an extension of time to complete service.  Mr. Hill must file proof of service or a properly executed and signed waiver of service

---

[1] The waiver of service form is available online at: www.uscourts.gov/forms-rules/forms/waiver-service-summons.

2

within 30 days from the date of this Order.  Failure to comply with this Order will result in a

dismissal of the case.

DATED this 23rd day of March, 2026.

BY THE COURT:

Tena Campbell
United States District Judge

3